Michael B. **FORTE**, Plaintiff, Appellant,

v.

Janis **SULLIVAN**, et al.,
Defendants, Appellees.

No. 90–2159.

United States Court of Appeals,
First Circuit.

Submitted April 29, 1990.

Decided May 16, 1991.

Michael B. Forte, on brief pro se.

Scott Harshbarger, Atty. Gen., and Jonathan A. Abbott, Asst. Atty. Gen., on brief, for appellees.

Before BREYER, Chief Judge,
TORRUELLA and CYR, Circuit Judges.

PER CURIAM.

The plaintiff-appellant, Michael Forte, was convicted of a crime, the nature of which the record does not disclose, and is currently incarcerated. The defendant-appellee, Janis Sullivan, was the court reporter at appellant's trial. This suit was brought pursuant to 42 U.S.C. § 1983. The district court dismissed the case as "utterly failing to state a cause of action and [as] frivolous and without merit."[1] Appellant has appealed. While expressing no views on the merits of this case, we think that the district court's dismissal was premature, and we therefore remand for further proceedings.

A

We review the background. Appellant, *pro se* and *in forma pauperis*, brought this action against Ms. Sullivan, alleging that his trial record was "grossly altered" and that Ms. Sullivan, since she had certified the transcripts as being true and accurate, had either altered the record herself or acquiesced to the alteration in violation of appellant's civil rights. In addition, appellant alleged that his due process rights were violated because the transcripts of indigent defendants are somehow processed differently from those of paying

---

1. Appellant's original complaint also named appellant's court-appointed appellate counsel, Thomas Merrigan, as a defendant. Mr. Merri- gan was dismissed as a defendant-appellee by this court upon appellant's motion.

defendants. Appellant did not say what these gross alterations were, how he was prejudiced by them (other than that they interfered with his likelihood of success on his pending state appeal), how his transcript would have been processed differently were he not indigent, or what Ms. Sullivan's motivation in entering into an alleged conspiracy with the court-appointed appellate counsel to alter appellant's transcript might be. Nor did appellant request in the § 1983 action that Ms. Sullivan prepare an accurate transcript for use on his appeal. Appellant seeks $450,000 in actual and punitive damages. Nonetheless, we take all the allegations in appellant's complaint as true as the case was dismissed on pleadings.

## B

Appellant argues that the district court erred in dismissing his complaint. The district court states in its margin order that the complaint was dismissed as "utterly failing to state a cause of action and [as] frivolous and without merit." Although the dismissal chronologically followed Ms. Sullivan's motion to dismiss, there still is some doubt as to whether the district court dismissed under Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(d). We review the proceedings.

■ Appellant, in his complaint, named Ms. Sullivan only in her official capacity as a court reporter. On October 2, 1990, Ms. Sullivan filed a motion to dismiss pursuant to Fed.R. 12(b)(6) stating that appellant had alleged insufficient facts and that she was protected from suit by the Eleventh Amendment.[2] On October 11, 1990, the district court granted Ms. Sullivan's motion to dismiss. Judgment was entered on October 24, 1990. On October 29, 1990, appellant filed a motion to amend his complaint to name Ms. Sullivan in her individual capacity, stating that such amendment was "necessary due to an oversight and technical omission in the original pleading." On November 29, 1990, appellant filed an affidavit and a motion to enlarge time alleging that he had been in isolation and had not been receiving his mail, and therefore he had just received, for the first time, Ms. Sullivan's motion to dismiss, the district court's order granting that motion and the notice that judgment had been entered. Appellant noted that he had filed a motion to amend his complaint to cure the Eleventh Amendment problem. The upshot of appellant's motion and affidavit, if believed, is that appellant's motion to amend was filed after appellant himself had discovered a flaw and not in response to Ms. Sullivan's motion to dismiss. The district court granted the motion for enlargement of time to file notice of appeal, but implicitly rejected appellant's motion to amend his complaint.

■ We are thus faced with the question of whether to treat the dismissal as tantamount to a *sua sponte* § 1915(d) dismissal controlled by *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or, in view of the motion filed by Ms. Sullivan, as a Rule 12(b)(6) dismissal for failure to state a claim. Taking appellant's allegations as true, as we must, it seems the appellant was not given an opportunity to respond to Ms. Sullivan's motion prior to dismissal.[3] In this case, appellant has not

---

**2.** 42 U.S.C. § 1983 states that "[e]very person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." A state is not considered a "person" for § 1983 purposes and a suit against an official in her official capacity is no different from a suit against the state. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2307, 105 L.Ed.2d 45 (1989); *Barreto Fred v. Aponte–Roque*, 916 F.2d 37, 39 n. 3 (1st Cir.1990) (per curiam). The Supreme Court has consistently held that the Eleventh Amendment protects an unconsenting state from suits brought by her own citizens as well as citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 657, 677, 94 S.Ct. 1347, 1353, 1362, 39 L.Ed.2d 662 (1974). Thus, to the extent appellant is suing Ms. Sullivan in her official capacity and is asking for monetary damages instead of injunctive relief, appellant has failed to state a claim under § 1983. *Wilson v. Brown*, 889 F.2d 1195, 1197 (1st Cir.1989).

**3.** Thomas Merrigan filed his motion to dismiss on October 11, 1990, the same day that the

had the opportunity to amend, and allegedly did not even have notice of the deficiency. Based on the chronology of this case, and the district court's use of the term "frivolousness," we think this case is more akin to a § 1915(d) dismissal, and we will review it as such.

### C

■ In *Neitzke, supra,* the Supreme Court was concerned that the courts were treating *in forma pauperis* litigants differently from paying litigants, contrary to the intent of Congress. Namely, the Supreme Court noted that paying litigants who failed to state a claim in their complaints would be given notice and an opportunity to amend before the motion was ruled upon whereas the complaints of *in forma pauperis* litigants which failed to state a claim would be dismissed outright as frivolous under 28 U.S.C. § 1915(d) ("The court may ... dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious"). In effect, the *Neitzke* court's holding that "a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim," *Neitzke,* 490 U.S. at 331, 109 S.Ct. at 1834, means, inversely, that where the district court has properly dismissed, following notice and an opportunity to amend, in a manner that would satisfy the procedural safeguards of Rule 12(b)(6),

dismissal under § 1915(d) is also proper. *Purvis v. Ponte,* 929 F.2d 822 (1st Cir. 1991). As noted above, appellant did not have notice of the impending dismissal and an opportunity to amend. Thus, even if we were reviewing a Rule 12(b)(6) dismissal, we might have found an abuse of discretion.

■ On the other hand, the Supreme Court held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice under § 1915(d) if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless, *e.g.,* ones that describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. at 1833. That is not this case. Appellant's legal theory —§ 1983 liability for altering a trial transcript—is not indisputably meritless. Had the district court allowed appellant's motion to amend the complaint to include Ms. Sullivan in her individual capacity, her obvious defense would be immunity from suit. While there is general agreement that court officials, including court reporters, who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit as to those actions,[4] the circuits are split regarding whether such officials are also entitled to absolute quasi-judicial immunity when acting within the scope of their employment, but not pursuant to the orders of a judge.[5]

district court dismissed. Since Mr. Merrigan is no longer a party in this case, our observations as to him are purely academic. Nonetheless, we do note that appellant could not have responded to Mr. Merrigan's motion to dismiss.

only qualified immunity from all other actions for damages); *Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir.1980) (per curiam) (judicial immunity extends to those who carry out the orders of judges).

**4.** *See, e.g., Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988) (clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages); *Green v. Maraio,* 722 F.2d 1013 (2d Cir. 1983) (since judges are immune from suit for their decisions, it would be manifestly unfair to hold liable the ministerial officers who carry out the judicial will); *Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) (clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and

**5.** Some circuits have expressly limited absolute quasi-judicial immunity to those circumstances where the court official has acted pursuant to a judge's express direction or a court order, while other circuits simply have not yet extended absolute quasi-judicial immunity beyond that scenario. *See,* note 4, *supra.* Other circuits have expanded the protection of absolute quasi-judicial immunity to all officials involved in the judicial process. *See Dellenbach v. Letsinger,* 889 F.2d 755 (7th Cir.1989) (court personnel performing nonmechanical functions integral to the judicial process are entitled to absolute immunity); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* —— U.S. ——, 110

**4**

In any event, Ms. Sullivan's motion to dismiss was premised solely on her immunity under the Eleventh Amendment. Appellant attempted to amend his complaint in response to Ms. Sullivan's defense, but was not provided an opportunity to do so. As the question of absolute versus qualified immunity for court personnel remains an open one, we cannot say that appellant could not have amended his complaint so as to state a claim. Dismissal of appellant's complaint on the ground of frivolousness under § 1915(d) was therefore unwarranted. We emphasize that we do not express any views on the actual merits of appellant's allegations, or on whether dismissal might be appropriate after further procedural development. We hold merely that those allegations are not suitable for summary dismissal.

*Vacated and remanded for further proceedings.*

S.Ct. 371, 107 L.Ed.2d 357 (1989) (preparation of accurate transcript by court reporter is a nonmechanical function, and court reporters should therefore be granted absolute immunity); *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1390 (9th Cir.1987) (acts of which plaintiff complained were within the general subject matter jurisdiction of bankruptcy court clerk, and clerks were therefore entitled to absolute immunity); *Dorman v. Higgins,* 821 F.2d 133, 136 (2d Cir.1987) (functions integrally related to the judicial process are apt to be accorded absolute, rather than qualified immunity); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir.1985) (probation officers preparing presentence reports are covered by the judicial immunity doctrine—the only issue left to be resolved is whether officer was acting pursuant to state law); *but see Slavin v. Curry,* 574 F.2d 1256, 1265 (5th Cir.1978) (court reporters enjoy only qualified immunity and must show that they were acting pursuant to their authority).