**Eligio CASTRO, Plaintiff,**

v.

**NEW YORK CITY BOARD OF EDUCATION, et al., Defendant.**

**Civ. No. 91–1447(JP).**

United States District Court, D. Puerto Rico.

Feb. 11, 1992.

Eligio Castro, pro se.

Jeffrey J. Slonim, New York City, for defendant N.Y. Com'r.

J. Christopher Meagher, New York City, for defendant Federation of Teachers.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it a number of Motions to Dismiss submitted by defendants: New York City Board of Education (docket entry No. 21); New York State Commissioner of Education (docket entry No. 23); the United Federation of Teachers (docket entry No. 32); and the Commonwealth of Puerto Rico (docket entry No. 6). The plaintiff Eligio Castro has brought suit *pro se* primarily in order to challenge the termination of his employment as a probationary New York City school teacher on July 11, 1989. The United States District Court for the Southern District of New York ruled upon identical claims by the plaintiff on June 14, 1990. *Castro v. New York City Board of Education*, 777 F.Supp. 1113 (S.D.N.Y.1990).

The New York resident defendants assert that the Complaint and Amended Complaint should be dismissed because the Court lacks personal jurisdiction over the defendants, and because venue is improper. The Commonwealth defendant asserts that the doctrine of sovereign immunity bars suit against it in this case. All Motions to Dismiss must be granted for the reasons stated below.

## I. THE FACTS

On February 1, 1988, the plaintiff was appointed as a probationary Spanish language instructor at the High School of Telecommunication Arts and Technology in Brooklyn. On February 8, 1989, the plain-

tiff filed a complaint of national origin discrimination with the N.Y.C. Board of Education's internal Equal Employment Opportunity (EEO) Office. These claims were investigated by the N.Y.C. Board, and found to be unsubstantiated.

Following reports of the plaintiff's unsatisfactory performance, based on in-class observations, the plaintiff was informed by letter dated May 28, 1989, that due to his unsatisfactory teaching performance, the principal would recommend discontinuance of his probationary period, which was to expire on August 8, 1989. According to New York law, an instructor may be terminated "at any time during such probationary service." N.Y.Educ.L. § 2573(1)(a).

On June 15, 1989, the plaintiff filed a grievance under the collective bargaining agreement between the N.Y.C. Board of Education and the United Federation of Teachers (UFT). The plaintiff's grievance letter contested the school's recommendation for discontinuance. When the plaintiff's grievance was rejected, he appealed to the next step of the grievance procedure. The plaintiff also made a separate appeal to the Chancellor of the Board, challenging the factual basis for the recommendation of discontinuance of his probationary status.

A Hearing was held on June 27, 1989, on the grievance appeal, at which the plaintiff challenged the entry into his personnel file of evaluation reports and other documents which provided partial basis for the recommendation of discontinuance. The Hearing Officer rejected the grievance as untimely, noting that the plaintiff had been afforded the opportunity to respond to the reports placed in his file in the past, but had not done so. On June 28, 1989, the discontinuance of the plaintiff's probationary period was finalized, which effectively terminated his employment.

The plaintiff alleges that the termination of his employment by the N.Y.C. Board of Education was in retaliation for his filing of the internal EEO complaint, and as part of a policy of discrimination against persons of Puerto Rican descent. Plaintiff also claims that the UFT breached its duty of fair representation to him by incorporating an allegedly unconstitutional discontinuance review procedure of the termination of his probationary teaching appointment in its collective bargaining agreement with the Board of Education. The UFT also allegedly breached its duty to the plaintiff by failing to pursue a "Special Complaint" under the agreement over his termination.

The plaintiff has sued the New York State Commissioner based on his alleged right to "vindicate the constitutional rights of his Puerto Rican students. The plaintiff's allegations of discrimination are based upon the contention that the defendants encourage, authorize and support English as a Second Language classes, while failing to offer Spanish as a Second Language classes to the rest of the student population in New York City. The plaintiff views the English as a Second Language classes as inappropriately assimilating the students. The Commonwealth of Puerto Rico has been sued because it fails to protect Puerto Rican students from the national origin discrimination which is perpetrated against them in the assimilative ESL classes in New York City. In addition, the plaintiff alleges that he himself was a victim of national origin discrimination when he was daily required to punch his time card in the time clock, while other instructors were not so obligated.

## II. DIVERSITY JURISDICTION

The Complaint and Amended Complaint allege a variety of jurisdictional bases: 42 U.S.C. § 2000a; 42 U.S.C. § 1981; 42 U.S.C. § 1985; 28 U.S.C. § 1332; 28 U.S.C. § 1331; 28 U.S.C. § 1346; the Fourteenth Amendment; and the "compact" regulating the political status between Puerto Rico and the United States of America. The Court notes from the outset that complete diversity amongst the parties is lacking, because the Commonwealth of Puerto Rico has been included. Therefore, the plaintiff may not assert diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806). "Except when Congress has autho-

rized something less than complete diversity, the rule of *Strawbridge* continues to govern." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3605 at 408 (1984).[1] The Court will now evaluate the plaintiff's alternative bases of federal jurisdiction.

## III. MOTION TO DISMISS STANDARD OF REVIEW

We note at the outset that in ruling on a motion to dismiss, the Court is compelled to view the allegations of jurisdictional fact in the light most favorable to the plaintiffs so that the plaintiffs are not improperly denied a right to have their claims adjudicated. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1349 (1969). *See also U.S. v. Arkwright, Inc.*, 690 F.Supp. 1133, 1138 (D.N.H.1988) (citing *Ealing Corp. v. Harrods, Limited*, 790 F.2d 978, 979 (1st Cir.1986)). However, plaintiff bears the burden of proving the essential facts justifying the court's *in personam* jurisdiction over the defendant when such jurisdiction is contested. *American Express Int'l Inc. v. Méndez–Capellán*, 889 F.2d 1175, 1178 (1st Cir.1989) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). In order to sustain its burden, the plaintiff must establish sufficient facts to support a prima facie case authorizing the court to exercise personal jurisdiction over the defendant under both the forum's long-arm statute and the due process clause of the United States Constitution. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9 (1st Cir.1990).

## IV. FEDERAL JURISDICTION SERVICE OF PROCESS

Federal Rule of Civil Procedure 4(e) provides that service upon a party not an inhabitant of the forum state must be made within the manner prescribed by statute. None of the jurisdictional statutes which the plaintiff has enumerated have service of process provisions. In absence of a statutory provision for service, the plaintiff must comply with the forum state's long arm statute. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

In *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864 (1970), the Supreme Court of Puerto Rico, relying on United States Supreme Court decisions, developed a three-pronged test to determine whether *in personam* jurisdiction could be asserted over a non-resident defendant. *See Escudé Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir.1980). First, the non-resident defendant must act or consummate a transaction within the forum. Physical presence is unnecessary; the act or transaction may be by mail. *Id.* at 904–905. Second, the cause of action must arise out of the defendant's action within the forum state. *Id.* at 905. Finally, the activity linking the defendant, the cause of action, and the forum must be substantial enough to meet the due process requirement of "fair play and substantial justice." *A.H. Thomas*, 98 P.R.R. at 870.

Thus, "Puerto Rico's 'long-arm' rule permits the exercise of jurisdiction to the full extent of constitutional authority." *American Express*, 889 F.2d at 1178; *A.H. Thomas Co.*, 98 P.R.R. at 870–71 n. 5. The forum may assert jurisdiction over the defendant when the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Mangual*, 710 F.2d at 19 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

---

1. Even if the plaintiff were able to sustain diversity jurisdiction, the Motions to Dismiss would have to be granted given the application of Puerto Rico's long arm statute. *See infra* section IV. It is well settled that when a federal court entertains an action based on diversity of citizenship, the court applies the law of the forum in which it sits. *American Express Int'l Inc. v. Méndez–Capellán*, 889 F.2d 1175, 1178 (1st Cir.1989) (citation omitted). Therefore, the court's authority to exercise personal jurisdiction over a non-resident defendant in a diversity case is based on the forum's long arm statute. *Mangual v. General Battery Corp.*, 710 F.2d 15, 18 (1st Cir.1983).

■ Before determining the constitutional limitations, the Court must decide whether plaintiffs' claims satisfy the requirements of the Puerto Rico long-arm statute. *American Express*, 889 F.2d at 1178. The Puerto Rico long arm statute, 32 L.P.R.A., App. III, R. 4.7(a) enumerates five provisions for service of process, none of which are satisfied in the instant case for the New York resident defendants. Specifically, none of the New York resident defendants have: 1) transacted business in Puerto Rico; 2) participated in tortious acts in Puerto Rico; 3) been involved in a Puerto Rico automobile accident; 4) been involved in a Puerto Rico freight or transportation business accident; or 5) owns, uses or possesses real property in Puerto Rico. All facts alleged by the plaintiff regarding his employment as a New York City public school teacher, occurred in New York. The New York resident defendants therefore lack sufficient contacts with the forum state to satisfy the long arm statute. 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.1 (1987). Service of a summons in a manner prescribed by law is a condition precedent to a valid exercise of personal jurisdiction, notwithstanding actual knowledge by the defendant. *Echevarría-González v. González-Chapel,* 849 F.2d 24, 28–29 (1st Cir. 1988); *Pérez García v. Hon. Rafael Beltrán Peña,* No. 90 Civ. 2181 (D.C.P.R. Mar. 6, 1991) (J. Pieras). Without a means for adequate service of process, the Court lacks personal jurisdiction over the New York resident defendants, and thus cannot assert its jurisdiction over the defendants. Because we conclude that plaintiffs have failed to meet the *A.H. Thomas* test—the prima facie case—we need not reach the issue of whether the exercise of personal jurisdiction falls within the constitutional limitations. *See American Express,* 889 F.2d at 1178. Accordingly, the Motions to Dismiss submitted by the New York resident defendants must be granted.[2]

## V. ELEVENTH AMENDMENT IMMUNITY

■ Pursuant to the Eleventh Amendment, governmental entities are entitled to sovereign immunity from suit. *Papasan v. Allain,* 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The sovereign immunity doctrine applies to the Commonwealth of Puerto Rico. *Culebras Enterprises Corp. v. Rivera Ríos,* 813 F.2d 506, 516 (1st Cir. 1987); *Fernández v. Chardón,* 681 F.2d 42, 59 (1st Cir.1982). As the plaintiff has brought the Commonwealth government itself as a party rather than naming the responsible governmental officials, the Complaint must be dismissed. *Papasan,* 478 U.S. at 276, 106 S.Ct. at 2939.

## VI. FRIVOLOUS *IN FORMA PAUPERIS* CLAIM

■ The claim against the United States Secretary of Education must also be dismissed, pursuant to 28 U.S.C. § 1915(d). Title 28 U.S.C. § 1915(d) provides that *in forma pauperis* cases be dismissed when frivolous. *Forte v. Sullivan,* 935 F.2d 1 (1st Cir.1991) (*sua sponte* dismissal appropriate when *in forma pauperis* claims are meritless or a delusional scenario). Although the Court has given "the plaintiff the benefit of all the suggested facts" and indulged inferences in his favor, we must conclude that the plaintiff's claim against the United States Secretary of Education is based upon a meritless legal theory. Specifically, the plaintiff lacks standing to assert the constitutional rights of Puerto Rican students in New York City against national origin discrimination. *Singleton v. Wulff,* 428 U.S. 106, 114, 96 S.Ct. 2868, 2874, 49 L.Ed.2d 826 (1976). The plaintiff had notice that such a claim was not meritorious when it was originally presented to the New York District Court for its decision. *Castro v. New York Board of Education,* 777 F.Supp. 1113, 1118 (S.D.N.Y. 1990).

Wherefore, in view of the foregoing the Motions to Dismiss must be GRANTED

---

2. In the alternative, the Motions to Dismiss must also be dismissed because Puerto Rico is the improper venue for the instant action, because a substantial part of the events giving rise to the claim occurred in New York. 28 U.S.C. § 1391(b).

and the Complaint DISMISSED in its entirety. Judgment shall be entered accordingly.

IT IS SO ORDERED.