USCA1 Opinion

 

 September 30, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1187 ARTHUR D'AMARIO, III, Plaintiff, Appellant, v. PROFESSIONAL SECURITY SERVICES, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Arthur D'Amario, III, on Memorandum Supporting Motion for Summary ____________________ Disposition, pro se. John A. Davey, Jr. and Olenn & Penza on Memorandum in Support of __________________ _____________ the Motion for Summary Disposition, for appellees, Lonergan, Wahl and Donley. Robert M. Brady on Memorandum in Opposition to Appellant's Motion _______________ for Summary Disposition, for appellee, Aloysius Murphy. James E. O'Neil, Attorney General, William M. Kolb, Assistant ________________ ________________ Attorney General, and Kara M. Fay, Assistant Attorney General, on ____________ Memorandum in Opposition to Appellant's Motion for Summary Disposition, for appellees, State of Rhode Island and Rhode Island Department of Mental Health, Retardation and Hospitals. Kevin F. McHugh on Memorandum in Opposition to Appellant's Motion _______________ for Summary Disposition, for appellee, City of Providence. Andrew S. Richardson, on submissions to the Court, for appellees, ____________________ Stevie Nicks, Frank J. Russo, Gemini Concerts, and Concerts East. Paul T. Jones, Jr. on brief for appellee, Providence Civic Center __________________ Authority. ____________________ ____________________ Per Curiam. Plaintiff-appellant Arthur D'Amario ___________ filed a complaint on February 4, 1987 in the district court for the District of Rhode Island against defendants-appellees the Providence Civic Center Authority ("PROCCA"), various security personnel employed by PROCCA, the Providence Police Department, and a number of other defendants. The complaint sought injunctive relief and damages under 42 U.S.C. 1983 and under state law for alleged infringements of D'Amario's rights stemming from a May 3, 1986 incident in which PROCCA security personnel denied D'Amario admittance to a rock concert at the Providence Civic Center because D'Amario insisted on bringing in a camera. The same PROCCA no-camera rule was the subject of a previous suit brought by D'Amario. In that case the district court, affirmed by this court, ruled that D'Amario enjoyed no constitutional right to bring a camera into Providence Civic Center concerts. D'Amario v. Providence Civic Center ________ __________________________ Authority, 639 F.Supp. 1538 (D.R.I. 1986), aff'd, 815 F.2d _________ _____ 692 (1st Cir.) (unpublished opinion), cert. denied, 484 U.S. _____ ______ 859 (1987). In the instant case, after D'Amario had had an opportunity for some discovery, the magistrate judge on November 30, 1987 granted defendants' motions to dismiss the complaint. The magistrate judge ruled that (1) by the doctrine of stare decisis, this court's ruling in D'Amario _____ _______ ________ -3- foreclosed D'Amario's claims that his constitutional rights were violated by enforcement of the no-camera rule; (2) D'Amario's 1983 claims against the Providence Police Department charging assault, false arrest, false imprisonment, and malicious prosecution did not allege any official departmental policy or custom that arguably violated his rights; (3) D'Amario's claims of assault, false arrest, false imprisonment, and malicious prosecution against Professional Security Services, a private company, and its employees sounded only in state law; (4) D'Amario's equal protection claim was defective for lack of adequate allegations of arbitrary deprivation of a protected right or membership in a suspect class; and (5) D'Amario's allegations against the Rhode Island Department of Mental Health Retardation and Hospitals ("RIMHRH"), charging that doctors employed by RIMHRH refused to give D'Amario sleeping pills while he was in an RIMHRH facility, failed to state a claim of cruel and unusual punishment. On October 22, 1991, the district court accepted the magistrate judge's report and recommendation and dismissed the complaint. Subsequently, D'Amario filed a Fed. R. Civ. P. 59(e) motion to alter or amend the district court's judgment. D'Amario argued that, in view of his pro se status, he should ______ be permitted to file an amended complaint. He also raised a number of objections to the merits of the district court's -4- dismissal. On December 20, 1991, the district court summarily denied D'Amario's motion. D'Amario appeals. We affirm. D'Amario argues on appeal that the district court's refusal to permit him to file an amended complaint, curing the deficiencies of his original complaint, was inconsistent with this court's dictates in Forte v. Sullivan, 935 F.2d 1 _____ ________ (1st Cir. 1991), and Street v. Fair, 918 F.2d 269 (1st Cir. ______ ____ 1990). In Street, the district court dismissed plaintiff's ______ pro se, in forma pauperis 1983 complaint sua sponte, before ___ ______ defendants had responded to the complaint. The district court found that the complaint did not allege facts to support its allegations of civil rights violations. This court reversed the dismissal and remanded the case to allow plaintiff an opportunity to amend his complaint. We pointed out that sua sponte dismissal is appropriate only when an in ___ ______ forma pauperis complaint is "frivolous" under 28 U.S.C. 1915(d). We found that plaintiff's complaint, while factually deficient, was not "frivolous" for purposes of 28 U.S.C. 1915(d) because it would state a claim if adequate supporting facts were pleaded. Mere factual deficiency was sufficient to support a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but a Rule 12(b)(6) dismissal could not be ordered sua sponte, without affording ___ ______ -5- plaintiff notice and an opportunity to be heard. Thus, we held that the court's dismissal was in error, because neither the substantive requirements for a 1915(d) dismissal nor the procedural requirements for a Rule 12(b)(6) dismissal were met. In Forte, similarly, we reversed the dismissal of a _____ pro se, in forma pauperis complaint because the complaint was ___ __ not "frivolous" under 1915(d) and because -- although the complaint may have been subject to dismissal under Rule 12(b)(6) as factually deficient -- sua sponte dismissal ___ ______ without notice was improper under Rule 12(b)(6). Although defendant had filed a motion to dismiss, we found that the dismissal had, in effect, been sua sponte because plaintiff, ___ ______ a prison inmate, had not received the motion to dismiss until it already had been granted. D'Amario's situation is altogether different. D'Amario's complaint was not dismissed under 28 U.S.C. 1915(d), but under Rule 12(b)(6). The dismissal was by no means sua sponte. To the contrary, the district court ___ ______ granted motions to dismiss and a motion for judgment on the pleadings submitted by various defendants. D'Amario filed numerous objections to these motions, long before the magistrate judge's report and recommendation. D'Amario even conducted some discovery during that period. The record reveals that in none of these filings did D'Amario request -6- leave to amend the complaint. It was after the magistrate judge issued his report and recommendation, recommending dismissal of D'Amario's complaint, that D'Amario sought leave to amend. Our decisions in Street and Forte, therefore, have ______ _____ no application in these circumstances. D'Amario had ample opportunity to respond to defendants' motions to dismiss his complaint for factual deficiency under Rule 12(b)(6). Also, we can find no fault with the district court's implicit denial, in adopting the magistrate judge's report and recommendation, of D'Amario's motions to amend his complaint. The district court acted well within its discretion, see Fed. R. Civ. P. 15(a), in concluding that ___ D'Amario's motions to amend, filed only after issuance of the magistrate judge's report, came too late. D'Amario also challenges on appeal the merits of the district court's dismissal of his complaint. We affirm that dismissal for the reasons stated in the magistrate judge's November 30, 1987 report and recommendation. We have considered D'Amario's other objections and find them meritless. The judgment of the district court is affirmed. ________ -7-