14 F.3d 44
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ronald FORSTER, Plaintiff, Appellant,
v.
STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees.
 No. 93-1929.
 United States Court of Appeals,
First Circuit.
 January 3, 1994
 
 Appeal from the United States District Court for the District of New Hampshire
 Ronald Forster on brief pro se.
 Jeffrey R. Howard, Attorney General, and Christopher P. Reid, Attorney, Civil Bureau, on brief for appellees.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge. Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff appellant, pro se, appeals the dismissal of his civil rights complaint under 28 U.S.C. Sec. 1915(d). Plaintiff is currently serving a 7-1/2 year to 15 year sentence in the New Hampshire State Prison following his guilty plea to crimes he describes only as sex offenses. The gist of plaintiff's complaint, brought under 42 U.S.C. Sec. 1983, is that New Hampshire's sex offense laws are unconstitutional because they permit a defendant to be convicted solely on the uncorroborated testimony of the victim. Plaintiff claims that the state's statutes facilitate wrongful convictions on insufficient evidence. He states that evidence in his own case was falsified, and implies that the state's laws were at fault. He names as defendants the State of New Hampshire, the Hillsborough Police Department, various state, county and police officials, a law firm and two attorneys who represented him in his criminal case. Defendants are variously accused of wrongful activities connected to enforcement of the state's laws generally, or to plaintiff's criminal case in particular. The complaint requests both equitable relief (release from confinement) and damages.
 
 
 2
 Because plaintiff is proceeding in forma pauperis, the magistrate undertook a preliminary review of the complaint prior to completing service. See 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (to avoid wasteful litigation, under Sec. 1915(d) the court may dismiss claims which are based on indisputably meritless legal theories or delusional factual scenarios). The magistrate found that the complaint failed to state a legally cognizable claim under 42 U.S.C. Sec. 1983 for several reasons, and ordered plaintiff to file an amendment curing the defects, or face dismissal of the complaint. Plaintiff objected to the report, stating in part that he wished to proceed under 42 U.S.C. Sec. 1985(3), not Sec. 1983. The district judge reviewed the matter, and affirmed the magistrate's order. Plaintiff then complied with the order by filing an amendment under 42 U.S.C. Sec. 1985(3). The amendment, too, was legally deficient, but the magistrate afforded plaintiff yet another opportunity to amend. When plaintiff's second amendment failed to cure any of the defects, the complaint was dismissed. See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991) (a district court may dismiss a complaint under Sec. 1915(d) following notice and an opportunity to amend in a manner that would satisfy the procedural safeguards of Fed. R. Civ. P. 12(b)(6)). We affirm.
 
 
 3
 The gravamen of the complaint is an attack on the validity of plaintiff's conviction. The district court thus correctly held that the sole available federal remedy for obtaining release from state custody is a writ of habeas corpus, which a plaintiff may seek after exhausting his state remedies. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). As plaintiff's amendments showed that he had yet to exhaust his state remedies, and was simultaneously pursuing state habeas relief, dismissal of plaintiff's equitable claims was required. Preiser, 411 U.S. at 490-94, 500.
 
 
 4
 As to the damages claims, they were correctly dismissed because, soley as a matter of federal law, they failed to state claims legally cognizable in the federal forum. Though the pleading is vague, its overriding legal defects are clear. Cf. Bettencourt v. Board of Registration in Medicine, 904 F.2d 772 (1st Cir. 1990) (although Deakins v. Monaghan, 484 U.S. 193 (1988) ordinarily requires the court to stay federal monetary claims which cannot be asserted in a parallel state proceeding, dismissal may be affirmed where there are adequate independent legal grounds for the dismissal).
 
 
 5
 As the district court held, first, the claims asserted under Sec. 1985(3) cannot be sustained because plaintiff does not allege, but actually denies, that the defendants' actions were directed against a protected class. See Bray v. Alexandria Women's Health Clinic, 113 S. Ct. 753 (1993). Second, to the extent that plaintiff is complaining of constitutional deprivations caused by the state defendants' misuse of state laws and procedures, there is no cause of action under Sec. 1983 until and unless the state fails to provide a suitable postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Third, plaintiff's separate claims against his private attorneys for alleged malpractice are not cognizable under Sec. 1983 because there are no facts suggesting that their conduct was under "color of state law." Polk County v. Dodson, 454 U.S. 312 (1981) (public defender is not state actor for purposes of Sec. 1983); Malachowski v. Keene, 787 F.2d 704, 710 (1st Cir.) (court-appointed private attorney does not act under "color of state law"), cert. denied, 479 U.S. 828 (1986). Finally, to the extent that plaintiff seeks to ground a cause of action on the alleged constitutional insufficiency of a state rule allowing convictions based solely on victims' uncorroborated testimony, he has no standing to challenge the practice under Sec. 1983. Plaintiff states that his own conviction was based on his guilty plea, not some insufficient quantum of evidence introduced at a trial. See Adams v. Watson, No. 93-1068, 1993 WL 497387 at * 2 (1st Cir. Dec. 8, 1993) (as an "irreducible constitutional minimum," the doctrine of standing requires that the plaintiff show an actual injury caused by the challenged illegality and plaintiff must have a direct stake in the outcome of the dispute) (citing cases).
 
 
 6
 For the reasons stated, the judgment below is affirmed. As plaintiff suffered no prejudice from defendant's late filing, plaintiff's motions challenging the timeliness of defendant's brief are denied.