USCA1 Opinion

 

 May 6, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2068 RAYMOND E. PRATT, JR., Plaintiff, Appellant, v. STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ___________________ Raymond E. Pratt on brief pro se. ________________ Jeffrey R. Howard, Attorney General, and Daniel J. Mullen, __________________ ________________ Senior Assistant Attorney General, Civil Bureau, on brief for appellees. __________________ __________________ Per Curiam. Plaintiff, pro se, appeals the ___________ ___ __ dismissal of his civil rights complaint for failure to state a claim under 42 U.S.C. 1983, 1985(3). Plaintiff is currently incarcerated at the New Hampshire State Prison following his conviction for certain sex offenses. He challenges the validity of his conviction, claiming that New Hampshire's sexual assault laws are unconstitutional because they permit a conviction to rest solely on the alleged victim's uncorroborated testimony that a crime occurred. Plaintiff seeks both equitable and monetary relief. He names as defendants the State of New Hampshire, the Governor, the Cheshire County Commissioner, the Keene Police Department and his own trial attorney. Since plaintiff is proceeding in forma pauperis, the magistrate undertook a preliminary review of the complaint prior to completing service. See 28 U.S.C. ___ 1915(d). The magistrate construed the complaint as seeking both habeas relief and damages. He identified several deficiencies in the statement of the claims and afforded plaintiff an opportunity to amend the complaint to cure the defects, or face a recommended dismissal for failure to state a claim. See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. ___ _____ ________ 1991); Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991). ______ _____ Plaintiff filed an objection to the report, and an amended complaint. The amendments added factual allegations about -2- plaintiff's criminal case but did not cure the defects the magistrate had noted in his 1983 claims. Plaintiff insisted that he did not intend his equitable claims as a habeas petition; and emphasized that he intended to assert claims under both sections 1983 and 1985(3). The magistrate once again reviewed the complaint, observing additional deficiencies in the claims under 1985, and afforded plaintiff yet another opportunity to amend. Plaintiff did not file a second amendment, but again objected to the magistrate's report. After reviewing the objection, the district court accepted the magistrate's report and recommendation, dismissing the complaint. Plaintiff states that he is currently pursuing a motion to set aside the verdict and for a new trial in his state criminal case, as well as a state habeas petition.1 It is thus apparent that his equitable claims were properly dismissed as an attempt to circumvent the federal habeas corpus exhaustion rule. Guerro v. Mulhearn, 498 F.2d 1249 ______ ________ (1st Cir. 1974). Habeas corpus is the sole avenue for seeking release from confinement based on an allegedly ____________________ 1. Plaintiff informed the district court of the pendency of his state habeas petition in his objection to the magistrate's initial report and in his amended complaint. In this court he has filed a "Motion to Introduce Supporting Evidence" in which he additionally alleges the pendency of a motion to set aside the verdict and for a new trial in his state criminal case. -3- unlawful conviction. Preiser v. Rodriguez, 411 U.S. 475, 490 _______ _________ (1973). While ordinarily civil rights monetary claims are stayed during the pendency of parallel state criminal proceedings, they, too, may be dismissed for failure to state a claim where the ground for dismissal does not affect issues that must be first decided by the state court. Accord Duncan ______ ______ v. Gunter, 15 F.3d 989 (10th Cir. 1994) (affirming dismissal ______ on grounds which need not be first decided in state proceedings); cf. Bettencourt v. Board of Registration in ___ ___________ _________________________ Medicine, 904 F.2d 772, 781 (1st Cir. 1990) (observing that ________ Deakins v. Monaghan, 484 U.S. 193 (1988) ordinarily requires _______ ________ a stay of 1983 monetary claims which cannot be asserted in parallel state licensing proceeding, but affirming dismissal of claims where there were independent legal grounds for dismissal). Plaintiff's monetary claims were properly dismissed for reasons which do not encroach upon any issues that may be raised in the state proceedings. The 1985(3) claims are infirm because plaintiff alleges no facts showing that he is a member of a protected class, a requirement to found a claim under that statute. See Bray v. Alexandria Women's Health ___ ____ __________________________ Clinic, 113 S. Ct. 753 (1993). The claims against ______ plaintiff's state trial attorney are infirm because there are no facts suggesting that the attorney acted "under color of -4- state law," as required by 1983. Polk County v. Dodson, ____________ ______ 454 U.S. 312 (1981) (public defender is not a state actor for purposes of 1983); Malachowski v. Keene, 787 F.2d 704, 710 ___________ _____ (1st Cir.) (court-appointed private attorney does not act under "color of state law"), cert. denied, 479 U.S. 828 _____________ (1986). The damages claims against the State and the Governor, in his official capacity, are barred by Eleventh Amendment immunity. See Will v. Michigan Dep't of State ___ ____ _________________________ Police, 491 U.S. 58, 70-71 & n.10 (1989). The remaining ______ claims against the various state, county and local officials are infirm because public officials are shielded from liability for civil damages under 1983 "unless their conduct was unreasonable in light of clearly established law." Elder v. Holloway, 114 S. Ct. 1019 (1994); see also _____ ________ ________ Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified ______ __________ immunity extends to conduct which "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Aside from boilerplate allegations of "conspiracy", plaintiff alleges only that these officials followed established state law in prosecuting the charges against him. Thus regardless of the outcome of his constitutional challenge to the state's law, plaintiff cannot recover civil damages from these officials for the conduct alleged. -5- Accordingly, plaintiff's "Motion to Introduce Supporting Evidence is granted, and the judgment below is _______ affirmed. _________ -6-