Veale v. Marlborough                    CV-92-355-SD   01/18/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Scott W. Veale;
David T. Veale


        v.                                    Civil No. 92-355-SD


Town of Marlborough



                        O R D E R


    During a final pretrial conference on October 5, 1994, plaintiffs informed the court that they wanted to add certain individual defendants as parties to this action.  Leave to so amend was granted, and the case was continued.  Before the court is plaintiffs' amended complaint, which the court now reviews under 28 U.S.C. § 1915(d).

    Section 1915(d) gives this court the authority to undertake a preliminary review of plaintiffs' amended complaint and dismiss any claims that are "frivolous or malicious."  28 U.S.C. § 1915(d) (1994).  "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

A court reviewing a complaint under section 1915(d) may also, under Rule 12(b)(6), Fed. R. Civ. P., dismiss some or all of the complaint for failure to state a claim, but only after the plaintiff is first made aware of the defects in the complaint and given a reasonable opportunity to amend. See Forte v. Sullivan, 935 F.2d 1 (1st Cir. 1991).

Plaintiffs' original complaint contained thirteen counts alleging various civil rights violations under 42 U.S.C. § 1983. That complaint was whittled down, under section 1915(d) and Rules 12(b)(6) and 56(c), Fed. R. Civ. P., to a single claim that defendant Town of Marlborough deprived plaintiffs of their fundamental right to vote by refusing to allow plaintiffs to register to vote in Marlborough in November of 1990. The amended complaint now before this court consists of fourteen counts

2

against some eighteen individual defendants.

The court's review of the amended complaint reveals that plaintiffs are attempting, through their amendments, to revive all of the claims that have previously been dismissed from this action with prejudice. On this basis, the court herewith dismisses Counts I through XII, Count XIV, and the motor vehicle registration and pistol permit claims in Counts XIII of the amended complaint as frivolous. See, e.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (district court properly dismissed claim under section 1915(d) as frivolous where said claim "was duplicative of a claim previously dismissed as frivolous under section 1915(d)"); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (an in forma pauperis complaint "that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d)").

The only remaining claim in this action is the voting rights claim set forth in Count XIII of the amended complaint. A fair reading of the amended complaint reveals that the individual defendants whom plaintiffs seek to add with respect to said claim are certain named members of the Marlborough board of selectmen and the named supervisors of the voter checklist for the town. However, plaintiffs' allegations of wrongdoing by said individuals is limited to the following:

3

> Plaintiffs allege that Defendants' denial
> of Plaintiff[s'] right to vote . . . in
> Marlborough was made without probable cause
> by Defendant[s] who, under the facts
> available, did not have an objective good-
> faith belief that Plaintiffs do not own
> property in Marlborough and at some point
> have a future intention of permanently
> residing in Marlborough and likewise subject
> to this type of mistreatment.

Amended Complaint ¶ 84.

The liberal pleading requirements established by the Federal Rules of Civil Procedure require "that each general allegation be supported by a specific factual basis. The pleadings are not sufficient where the plaintiff rests on 'subjective characterizations' or unsubstantiated conclusions." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) (quoting Dewey v. University of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)). The court finds plaintiffs' general allegations to be entirely insufficient to state claims against any of the individual defendants named in their amended complaint.

In light of plaintiffs' pro se status, and acknowledging the general requirement that dismissal under section 1915(d) for failure to state a claim should only occur after a plaintiff has been given notice and an opportunity to amend, the court hereby grants plaintiffs until 4:30 p.m. on February 1, 1995, to file another amended complaint. If plaintiffs choose to take

4

advantage of this _final_ opportunity to amend, such amended complaint shall (1) be limited to the right-to-vote claim set forth in Count XIII of the original complaint and Count XIII of the amended complaint, and (2) contain specific factual allegations as to each individual defendant whom plaintiffs wish to add as a party to this action.  If plaintiffs fail to submit an amended complaint meeting these requirements, the court will order this action to proceed against defendant Town of Marlborough only.

    SO ORDERED.


                                            _____
                                            Shane Devine, Senior Judge
                                            United States District Court


January 18, 1995

cc:  Scott W. Veale, pro se
      David T. Veale, pro se
      David P. Slawsky, Esq.