GILMAN, Circuit Judge,
dissenting:
The majority refuses to extend quasi-judicial immunity to Salvatore Gugino, a private attorney, based on the majority’s conclusion that Gugino performed a non-discretionary act in drafting a show-cause order at Judge Israel’s request. In so concluding, I believe that the majority has not only misapplied the precedents on point, but has produced a very unfair result. I therefore respectfully dissent.
To begin with, the majority and I actually agree on a number of key points. We agree, for example, that immunity “is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions.” In re Castillo, 297 F.3d 940, 947 (9th Cir.2002) (extending immunity to a Chapter 13 bankruptcy trustee) (internal quotation marks omitted). And we agree that immunity depends on “the nature of the function performed and not [on] the identity of the actor performing it.” Id. at 948. Finally, we recognize that “absolute quasi-judicial immunity will be extended to nonjudicial officers only if they perform official duties that are functionally comparable to those of judges, i.e., duties that involve the exercise of discretion in resolving disputes.” Id.
But this is where my agreement with the majority ends. The drafting of a show-cause order is not simply a mechanical action comparable to court reporters transcribing verbatim transcripts. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993) (declining to extend immunity to court reporters because they “are afforded no discretion in ... recording], as accurately as possible, what transpires in court”). Even the majority acknowledges that “the function performed by Gugino had a close nexus to the judicial process,” that “orders are a basic and integral part of judicial proceedings,” and that “[preparing an order on behalf of a court does require the preparer to make important decisions about language and tone.” Maj. Op. at 961.
Notwithstanding these acknowledge-ments, however, the majority concludes (without citation to any authority) that “preparing the order did not involve the kind of discretionary judgment that is protected by the doctrine [of judicial immunity].” Id. My problem with the majority’s analysis is that it fails to recognize the fact that Gugino was in effect acting as Judge Israel’s law clerk for the specific task at hand, and that this court has previously held that law clerks are entitled to quasi-judicial immunity. See Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir.1996) (extending immunity to a law clerk for alleged due process violations related to the improper handling of a supersedeas bond).
*963 Indeed, if we were to substitute a law clerk for Gugino and assume that Judge Israel had directed the clerk to draft the show-cause order in question, this court’s decision in Moore would have immunized the clerk from liability because the act of drafting a show-cause order directly relates to “the independent and impartial exercise of judgment vital to the judiciary.” See Castillo, 297 F.3d at 949. The exercise-of-discretion requirement, in other words, is derived from the judge who directs the task and should not be focused solely on the drafter of the order. See Mullis v. Bankruptcy Court of Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir.1987) (explaining that immunity extends “from the judge who appoint[s]” the person in question).
This point is crucial because Gugino’s identity as a private attorney should not preclude the extension of immunity. See Castillo, 297 F.3d at 948 (cautioning against concentrating on the identity of the actor in immunity cases). The majority to its credit agrees that we are required “to look past his identity as an attorney and focus only on the function he performed.” Maj. Op. at 961. But then the majority goes astray by not recognizing that Gugino was in fact functioning as a law clerk in carrying out Judge Israel’s directive to draft the show-cause order that is the sole focus of this lawsuit. And, as previously noted, a law clerk performing this task would be entitled to quasi-judicial immunity. See Moore, 96 F.3d at 1244-45. So should Gugino.
Unfortunately, the majority elevates a hypothetical policy concern to a rationale for declining to extend immunity on the facts before us. As the majority reasons, extending immunity in this case “might immunize improper actions where attorneys did knowingly and willfully violate the automatic stay by presenting orders violating the stay to judges who were not apprised of the bankruptcy filing.” Maj. Op. at 962. But those circumstances are clearly not present here. Gugino simply obeyed a judicial directive from a state judge who was fully apprised of the bankruptcy filing. His actions were therefore neither self-initiated nor taken with the intent to bamboozle an uninformed judge.
And this leads to my next point. The majority credits the district court’s isolated and inconsistent characterization of Gugino’s conduct as “volunteering]” to prepare the showcause order. Id. at 961. But this is not a fair inference from the record. At the hearing, Judge Israel explicitly stated: “I’m going to issue an order to show cause,” and he then explained the order’s specifics. Judge Israel followed this explanation by asking “who wants to prepare the order?” He then prompted a response by inquiring: “Mr. Gugino?” Gugino responded: “I’ll prepare it, Your Honor.”
As is evident from this exchange, Gugino agreed to draft the show-cause order after Judge Israel requested one of the attorneys, and particularly Gugino, to do so. Thus, to say that Gugino “volunteered,” without more, mischaracterizes the record. All of the other record citations, in fact, support a contrary conclusion, starting with Gugino’s statement in his June 9, 2011 letter to Koch that “Judge Israel ordered that an Order to Show Cause be issued against you, and he then directed me to prepare the Order. This was not my idea, nor did I recommend it to the Court.” Judge Israel’s own minute entry confirms that the “Court directed Counsel to prepare an order for a show cause hearing and Court set hearing.”
Even the district court twice found that Judge Israel directed Gugino to draft the order. See Dist. Ct. Order at 3 (“Judge Israel ordered Gugino to draft an order to *964 show cause to be served on Koch.”) and id. at 14-15 (“Judge Israel acted in excess of his jurisdiction when he ... directed Gugi-no to draft an order to show cause against Koch for failing to interplead the settlement funds.”)
In light of this overwhelming record evidence, the district court’s single inconsistent statement on page 12 of its Order that “Gugino is not entitled to quasi-judicial immunity because Gugino volunteered to prepare the order in direct violation of the stay” is entitled to little weight. This is especially so because the key point is the undisputed fact that the show-cause order was initiated and directed by Judge Israel, not by Gugino, whether or not the latter “volunteered.”
Moreover, the majority’s decision not to extend quasi-judicial immunity to an officer of the court acting at the behest of a judge is in conflict with every other federal appellate court that has confronted the issue. See, e.g., Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992) (noting the “general agreement that court officials ... who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit as to those actions”) (quoting Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir.1991)); Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir.1988) (explaining that clerks of court “have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge’s direction.”) (internal quotation marks omitted).
The reasoning underlying these cases is directly applicable to this case; i.e., the fundamental unfairness of holding liable those who carry out the orders of judges when the judges themselves are absolutely immune. See Green v. Maraio, 722 F.2d 1013, 1019 (2d Cir.1983) (“[I]t would be manifestly unfair to allow Maraio to be subjected to liability when she was acting within the scope of the judge’s instructions and was simply acting as an arm of the court in compliance with the exercise of his judicial authority.”) (emphasis omitted). Similarly, declining to extend immunity to Gugino is fundamentally unfair when Judge Israel himself enjoys immunity.
Finally, I cannot help but note that this entire dispute could have been avoided if the attorneys involved had exhibited greater collegiality and common sense. But their communications in fact broke down, and this case resulted. Now these events have produced a majority opinion that unfortunately puts at risk the common practice of private attorneys drafting proposed orders on behalf of a judge. For all of the above reasons, I would reverse the judgment of the district court and grant Gugi-no quasi-judicial immunity for his actions in this case.