USCA1 Opinion

 

 April 26, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 93-1557 JEROME E. CASSELL, Plaintiff, Appellant, v. BARRY OSBORN, ET AL., Defendants, Appellees. _________________ No. 93-1607 JEROME E. CASSELL, Plaintiff, Appellant, v. STATE OF NEW HAMPSHIRE, ET AL., Defendants, Appellees, _________________ No. 93-2079 JEROME E. CASSELL, Plaintiff, Appellant, v. LINCOLN SOLDATI, Defendant, Appellee. _________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ _________________ Jerome E. Cassell on brief pro se. _________________ Jeffrey R. Howard, Attorney General, and Christopher P. Reid _________________ ___________________ on brief for appellees, Barry Osborn, State of New Hampshire and Governor Steven Merrill. Charles G. Douglas, III, and Douglas & Douglas on brief for ________________________ _________________ appellee Lincoln Soldati. ___________________ ___________________ Per Curiam. Plaintiff James E. Cassell, appeals pro se __________ ___ __ from the district court's dismissal of three civil rights com- plaints under 28 U.S.C. 1915(d). The appeal raises a prelimi- nary question as to the proper disposition of infirm civil rights monetary claims filed during the pendency of parallel state criminal proceedings. Plaintiff was convicted in a New Hampshire state court of aggravated sexual assault on August 28, 1992. He filed three civil rights complaints during the pendency of this state post- trial criminal proceedings and appeal.1 Each complaint alleges the wrongfulness of the state conviction and asserts violations of 42 U.S.C. 1983, or 42 U.S.C. 1985(3), or both. Two of the suits seek equitable relief and damages, the other only damages. The complaints are rambling, verbose, and difficult to follow, but to orient the ensuing discussion, we provide the following recap of some of the allegations found in the complaints and related filings.2 ____________________ 1We are informed that the plaintiff's appeal is currently pending before the New Hampshire Supreme Court. Although neither party has requested a stay on this basis, we consider the issue sua sponte because of the possible impact of a decision on the ___ ______ proper workings of our federal system. Cf. Granberry v. Greer, ___ _________ _____ 481 U.S. 129, 134-35 (1986) (if the State fails to assert non- exhaustion of remedies in a habeas action, the court should decide whether comity and federalism interests are better served by reaching the merits or by requiring exhaustion). 2Plaintiff's filings indicate that, at least initially, he did not grasp the functional difference between a complaint, denominated as such, and the numerous other papers he filed including "addenda," "memoranda" and "exhibits." To clarify his claims, we perused his other filings. The amount of paper, number of filings, and repetitive irrelevancies, are daunting, even by pro se standards. Our review in no way prevents the ___ __ No. 93-1607. Filed on November 6, 1992, the complaint names as defendants a parole officer, two police officers, the complaining witness in plaintiff's state criminal case, and plaintiff's state trial counsel. The gist is that the state officers intimidated the complaining witness, and ultimately conspired with her, to falsely accuse and wrongfully convict plaintiff of aggravated sexual assault. Plaintiff's trial counsel is accused of ineffective assistance, incompetence and malpractice. No. 93-1557. Filed on April 13, 1993, this complaint names as defendants the State's governor and a county commission- er, in their official capacities, a local police department and unidentified officers thereof, in both their official and indi- vidual capacities, and, again, plaintiff's trial counsel. It alleges that New Hampshire's sexual assault laws are unconstitu- tional because they are written in a way which encourages consti- tutional violations, conspiracies to suborn perjury and wrongful convictions; and that the state defendants administered and enforced the laws with extreme indifference thereby depriving plaintiff of due process and equal protection of the laws. No. 93-2079. This complaint was filed on August 3, 1993, after the district court dismissed plaintiff's first two complaints. It names, as the sole defendant, the prosecutor who represented the State at plaintiff's criminal trial. It contains ____________________ district court from exercising its discretion in this case to fairly restrict the number and length of the papers it will review. 4 44 paragraphs and 234 pages of exhibits. Their crux is that the prosecutor negligently relied upon witness statements obtained by the police, presented perjured testimony to the jury, and made prejudicial remarks during trial. On appeal plaintiff charac- terizes this complaint as an attack on the prosecutor's role as an investigator and implies that the prosecutor was negligent in giving legal advice to the police officers. Proceedings Below Proceedings Below Since plaintiff sought leave to proceed in forma pauperis, the magistrate conducted a preliminary review of each complaint under 28 U.S.C. 1915(d). As to the first two, the magistrate construed the equitable claims as requesting habeas relief, and recommended dismissal unless plaintiff showed that he had exhausted his state remedies. The magistrate also observed a variety of deficiencies in the statements of the monetary claims. Following the usual procedure in such cases, plaintiff was given an opportunity to amend the complaints to cure the defects outlined, or face a recommended dismissal for failure to state a claim. See Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. ___ _____ ________ 1991); Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991). As ______ _____ to the third complaint, the magistrate recommended dismissal, on the grounds of absolute prosecutorial immunity, without affording an opportunity to amend because the complaint showed on its face that it was based on an indisputably meritless legal theory. See ___ Neitzke v. Williams, 490 U.S. 319, 327-28 (1989) (under 1915(d) _______ ________ the court may dismiss claims based on indisputably meritless 5 legal theories or delusional factual scenarios). Plaintiff's responses to the magistrate's first two reports included exhibits which suggested, for the first time, that the state criminal prosecution remained pending.3 While the district court was thus aware of the possible pendency of the state case when it undertook its review, it did not focus on the effect a decision on the monetary claims might have in the state case.4 After de novo review, the district court adopted the magistrate's reports and recommendations for dismissal on the various other legal grounds. Discussion Discussion The court's dismissal of plaintiff's 1983 claims for equitable relief must be affirmed. These claims have at their root an attack on the validity of the state conviction and seek plaintiff's release from confinement. Consequently, they may be pursued only by petition for habeas corpus, after the plaintiff has exhausted his state remedies. Preiser v. Rodriguez, 411 U.S. _______ _________ ____________________ 3Plaintiff responded to the magistrate's first report by filing an amendment, with exhibits, to the first complaint, followed by a series of lengthy addenda. He chose not to amend his second complaint, but filed a lengthy objection with exhib- its. He also objected to the recommended dismissal of his third complaint, filing additional exhibits which contained papers from the pending criminal proceedings. 4The court also had before it a motion by plaintiff for "federal interdiction" in the state proceedings, which was denied under Younger v. Harris, 401 U.S. 37 (1971). This ruling is not _______ ______ challenged on appeal. 6 475, 490 (1973).5 A section 1983 action may not be used to circumvent the exhaustion requirement's important function of avoiding federal-state friction by permitting state courts the first opportunity to correct their constitutional errors. See ___ Guerro v. Mulhearn, 498 F.2d 1249, 1251-52 (1st Cir. 1974). ______ ________ Disposition of the damages claims, too, requires consideration of the effect the court's decision may have in the pending state proceedings. "[A] suit for money damages under section 1983 may also have a substantially disruptive effect upon contemporary state criminal proceedings, and may . . . undermine the integrity of the writ of habeas corpus." Id. at 1252. When ___ there is "no question that the [complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction," civil rights monetary claims which cannot be asserted in a parallel state proceeding ordinarily are ____________________ 5We glean in plaintiff's complaints and amendments no suggestion of the rare circumstances that might lead to an exception to the habeas exhaustion requirement. See Granberry, ___ _________ 481 U.S. at 131 (discussing exceptional circumstances). In any event, plaintiff's exhibits below indicate that in addition to these cases, he also filed a separate suit for habeas relief in the district court. That petition is not before us in this appeal, and we express no opinion on its merits. In general, however, we note that when a plaintiff is given an opportunity to amend habeas claims mistakenly brought under 1983, it is advisable to require him to replead his habeas claims on a form petition. See Rules Governing 2254 Cases, ___ Rule 2. Although no universal palliative for pro se confusion, ___ __ the form petition assists both the petitioner and the court by guiding the petitioner toward an orderly statement of claims, and the status of the state proceedings. The habeas claims may then be readily identified for processing under the rules relating to habeas petitions, including those relating to habeas appeals. Where there are also separate monetary claims, the court may simultaneously consider the common issues. See Guerro v. Mul- ___ ______ ____ hearn, 498 F.2d 1249, 1254 n.15 (1st Cir. 1974). _____ 7 stayed pending completion of the state case. Deakins v. Mon- _______ ____ aghan, 484 U.S. 193, 204 (1988). A stay allows the state case to _____ go forward "without interference from its federal sibling, while enforcing the duty of federal courts 'to assume jurisdiction were jurisdiction properly exists.'" Id. at 202-03 (citation omit- ___ ted). Preferring a stay to a dismissal without prejudice also avoids the possibility of a later time bar under the borrowed statute of limitations. Id. at 203 n.7. ___ In this case, however, we are met with three complaints containing various types and degrees of defects in their asser- tions of federal civil rights monetary claims. Under 28 U.S.C. 1915(d), a district court has authority to dismiss an in forma pauperis complaint "if satisfied that the action is frivolous or malicious." "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an econom- ic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at 324. To prevent _______ abuse, and to spare prospective defendants the expense of answer- ing such complaints, the district court, acting sua sponte, may ___ ______ dismiss claims based on an "indisputably meritless legal theory" or "clearly baseless" factual allegations. Id. at 327; Denton v. ___ ______ Hernandez, 112 S. Ct. 1728, 1732-33 (1992). _________ During the pendency of parallel state criminal proceed- ings, there is as much potential for abuse from the filing of frivolous federal complaints as at any other time. There may even be an added danger, as the state court defendant may seek a 8 federal forum solely to gain a tactical advantage or to harass the prosecuting authorities and witnesses. Section 1915(d) permits the district court to intercept and dismiss frivolous and malicious claims filed at such time, or any time. The preference expressed in Deakins, 484 U.S. at 204, for staying, rather than _______ dismissing, cognizable federal claims that allege facts "suffi- cient to justify the District Court's retention of jurisdiction," does not come into play where the claims asserted are patently frivolous.6 Where a complaint filed under 1915(d) appears legally deficient, though perhaps not frivolous "in the hard core sense described in Neitzke," we have held that a court may proceed to _______ decide whether it should be dismissed for failure to state a claim, after affording the plaintiff the "practical protections typically given paying plaintiffs under Fed. R. Civ. P. 12(b)(6). Purvis, 929 F.2d at 826-27; Forte, 935 F.2d at 3 (same). Comity ______ _____ concerns may be implicated in such decisions, however, particu- larly when the complaint challenges a state criminal conviction which has not yet become final. See Guerro, 498 F.2d at 1255. ___ ______ Should the district court's decision require a determi- nation of matters at issue in a pending state criminal proceed- ing, a stay is the only option, since "the potential for federal- ____________________ 6Ordinarily, a dismissal for "frivolousness" would not preclude issues that might be raised in the state court proceed- ing. In the unlikely event that such a case arose, however, caution would be indicated for the reasons suggested below, especially where it was intended that the dismissal be "on the merits." See Denton, 112 S. Ct. at 1734 (discussing res judicata ___ ______ ___ ________ effect of 1915(d) dismissal). 9 state friction is obvious." Deakins, 484 U.S. at 208 (White, J. _______ concurring, quoting Guerro, 498 F.2d at 1253). Conversely, where ______ the decision will not affect issues which should first be decided by the state court, the district court need not delay its deci- sion. Accord Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994) ______ ______ ______ (affirming dismissal on grounds which need not be first decided in state proceedings); cf. Bettencourt v. Board of Registration ___ ___________ _____________________ in Medicine, 904 F.2d 772, 781 (1st Cir. 1990) (civil rights ____________ claims which cannot be asserted in parallel pending state licens- ing case normally should be stayed, but where quasi-judicial immunity and sovereign immunity barred consideration of the claims by the federal court, they were properly dismissed); Williams v. Hepting, 844 F.2d 138, 143-45 (3d Cir.) (staying ________ _______ certain claims and simultaneously, without discussion, affirming dismissal of other claims on grounds of witness immunity), cert. ____ denied, 488 U.S. 851 (1988); Bressman v. Farrier, 900 F.2d 1305, ______ ________ _______ 1309 (8th Cir. 1990) (staying certain claims but dismissing time- barred claims), cert. denied, 498 U.S. 1126 (1991). ____ ______ In pro se cases, accurate identification and comparison ___ __ of the issues in the federal and state proceedings may be diffi- cult. To avoid conflict, caution is indicated whenever the ground for decision is one that ordinarily might be asserted as res judicata in a state criminal proceeding. See Deakins, 484 ___ ________ ___ _______ U.S. at 208; Guerro, 498 F.2d at 1253. In such cases, the ______ district court may exercise its discretion under 1915(c) to order service on the defendants or otherwise obtain assistance in 10 pinpointing the issues and the status of the state proceedings, or it may choose, sua sponte, to order a stay until the state ___ ______ proceedings are terminated. Cf. Granberry, 481 U.S. at 133-35 ___ _________ (affirming similar discretion, sua sponte, to require exhaustion ___ ______ of habeas remedies even where defendant waives the defense). In the event the court decides to stay the monetary claims, the habeas and 1983 claims may be considered simultaneously at the conclusion of the state court proceedings, thus reducing the burden on the parties and the court. Guerro, 498 F.2d at 1254 ______ n.15. Applying these principles here, there seems little question that most of plaintiff's monetary claims were properly dismissed, rather than stayed, since only one species of monetary claim is not based on an "indisputably meritless" legal theory as a matter of federal law. Dismissals on this basis would not implicate any issue in the state criminal proceedings. The claims plaintiff asserts under 1985(3) cannot be sustained because there is no showing that defendants' actions were directed against a protected class as required to found an action under that statute. See Bray v. Alexandria Women's Health ___ ____ _________________________ Clinic, 113 S. Ct. 753 (1993). The claims against plaintiff's ______ state trial attorney are barred because there are no facts suggesting that his conduct was under "color of state law." Polk ____ County v. Dodson, 454 U.S. 312 (1981) (public defender is not a ______ ______ state actor for purposes of 1983); Malachowski v. Keene, 787 ___________ _____ F.2d 704, 710 (1st Cir.) (court-appointed private attorney does 11 not act under "color of state law"), cert. denied, 479 U.S. 828 ____ ______ (1986). The claims against the prosecuting witness also fail for lack of any showing that she acted under "color of state law," and because her trial testimony is entitled to absolute immunity. See Briscoe v. LaHue, 460 U.S. 325, 329-36 (1983). The monetary ___ _______ _____ claims against state officials, in their official capacities only, are barred by Eleventh Amendment immunity. See Will v. ___ ____ Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989). ______________________________ The claims against the State's prosecuting attorney are barred by the federal doctrine of absolute prosecutorial immunity. See ___ Burns v. Reed, 500 U.S. 478, ___ (1991) (prosecutors are abso- _____ ____ lutely immune from 1983 liability for conduct in initiating and presenting state's case insofar as the conduct is intimately associated with the judicial phase of the criminal process); see ___ also Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2616 (1993) (quali- ____ _______ ___________ fied immunity extends to investigatory functions and administra- tive functions). Although some of the claims against the state prosecutor arguably challenge conduct covered only by qualified immunity, they are infirm for the additional reason that they are grounded in alleged negligence. Mere negligence is insufficient to implicate due process protections. Davidson v. Cannon, 474 ________ ______ U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327 (1986).7 _______ ________ The dismissal of plaintiff's monetary claims against ____________________ 7Although the complaint contains boilerplate "conspiracy" allegations, the only specific conduct alleged in it, and in the numerous exhibits attached, reveals that the claims are based, at most, on simple negligence. 12 the state officers in their individual capacities (No. 93-1607) is more problematic. Plaintiff's "amendment" attempts to tie these claims to a challenge to the state's criminal law, and to the same facts and legal arguments he is advancing in the state case. The court's dismissal was broadly based on a failure to state sufficient facts to sustain a claim, a decision arguably susceptible of being raised as an estoppel in the state court. Plaintiff's disorganized presentation makes it difficult accu- rately to compare the issues in the two proceedings or to be certain whether there are alternate grounds for dismissal. We therefore think the more efficient course is to remand these claims to the district court for reconsideration, consistent with this opinion, as to whether their legal sufficiency can be determined without in any way affecting issues in the state criminal case, or whether these claims should be stayed pending completion of the state court proceedings. Accordingly, the judgment dismissing the complaints in 93-1557 and 93-2079 is affirmed. The judgment dismissing the ________ complaint in 93-1607 is affirmed in part and vacated in part, and ________________ _______________ the case is remanded to the district court for proceedings consistent with this opinion. 13